# BATTLE *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF GEORGIA.

No. 438. Submitted January 28, 1908.—Decided March 2, 1908.

Under Article I, § 8, cl. 17, of the Federal Constitution, Congress has
power to purchase land within a State for post offices and courts by con-
sent of the legislature of the State and to exercise exclusive legislation
over the same.

Under §§ 711 and 5339, Rev. Stat., the United States courts have exclu-
sive jurisdiction of all offenses enumerated in § 5339, committed in a
post office owned by the United States over which the State has ceded
jurisdiction.

The language of the Constitution, being wide enough to authorize the pur-
chase of land for post offices and the acceptance of a grant of jurisdiction,
the language of the statute based thereon will not be taken in any nar-
rower sense as excluding post offices.

Even if the burden of proof be on the Government to prove the fact of a
prisoner's sanity, until evidence is given on the other side, the burden is
satisfied by the presumption arising from the fact that most men are sane,
and the trial judge is not bound to go further than to instruct the jury
that the Government is bound to prove the fact beyond reasonable doubt,
and that the jury consider all the evidence including the bearing of the
prisoner, and the manner of his own testimony.

An interruption of the court asking defendant's counsel to make a proper
argument held in this case to be justified and not a ground for exception.

THE facts are stated in the opinion.

*Mr. John Randolph Cooper* for plaintiff in error.

*Mr. Assistant Attorney General Cooley* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes up on a writ of error to the United States
Circuit Court, after a conviction of the plaintiff in error of
murder without capital punishment. The chief error assigned
is that the court proceeded without jurisdiction—an objection

taken by demurrer and renewed in other forms. The crime was committed upon land bought by the United States in the city of Macon, on which it was building a post office and court-house, and over which the State of Georgia had ceded jurisdiction; but it is said that murder in a post office of the United States has not been made an offense against the United States, whatever might be the power of Congress if it saw fit to put it forth.

There can be no doubt of the power of Congress to purchase land within a State for post offices or courts, by consent of the legislature of the State, and to exercise exclusive legislation over the same. Post offices are among the "other needful buildings" for the erection of which, as well as of "forts, magazines, arsenals, dock-yards," it is assumed that land will be bought, and for which land has been bought by the Government all over the United States. Const., Art. I, § 8, cl. 17. Indeed, this is not denied. The power to establish post offices is given by Art. I, § 8, cl. 7, in terms. See *Kohl* v. *United States,* 91 U. S. 367, 372; *Burt* v. *Merchants' Insurance Co.,* 106 Massachusetts, 356; *Trombley* v. *Humphrey,* 23 Michigan, 471, 475; *Sinks* v. *Reese,* 19 Ohio St. 306. The exclusive legislative power and jurisdiction of the United States is equally clear. *Fort Leavenworth R. R. Co.* v. *Lowe,* 114 U. S. 525; *Benson* v. *United States,* 146 U. S. 325. So that the question is only whether the statutes of the United States extend to this case, which was the question intended to be raised.

By Rev. Stat. § 5339, "Every person who commits murder— First. Within any fort, arsenal, dock-yard, magazine, or in any other place or district of country under the exclusive jurisdiction of the United States; . . . shall suffer death"; and by the act of January 15, 1897, c. 29, § 1, 29 Stat. 487, in such cases "the jury may qualify their verdict by adding thereto 'without capital punishment,'" whereupon the sentence is imprisonment at hard labor for life. The jurisdiction of the United States courts under these sections is exclusive. Rev. Stat. § 711. If the language of the Constitution is wide enough to

authorize the purchase of land for a post office and court-house and the acceptance of a grant of jurisdiction, there is no reason for taking the language of the statute in any narrower sense. The argument, although ostensibly directed against the statute, must embrace the Constitution, and, as we have implied, such an argument comes many years too late.:

There was an exception to a refusal of the court to instruct the jury on the law of justifiable homicide. Sufficient instructions were given. The evidence, however, would not have warranted such a verdict. According to the defendant's own testimony the death was due to an accident. According to all the other evidence, even the most favorable, the defendant was upon a platform above Berry, and Berry either was below standing on a beam in a very insecure place, or else was climbing up to or upon the platform, when the defendant struck him over the head, according to several witnesses, with an iron bolt, until he dropped fifty or sixty feet. So as to involuntary homicide. There was no evidence of such a case, and the jury under the charge must have found that the defendant made an intentional and unjustified assault of such a kind that the probable consequences were obvious, an assault with a deadly weapon, that either directly caused Berry's death or brought it about by his inevitable fall.

It also is urged that the court erred in declining to give a somewhat confused instruction concerning sanity, that was asked. The judge instructed the jury that the burden of proof was on the Government to prove that fact beyond.a reasonable doubt, and he was not called upon to go further. Until evidence is given on the other side the burden of proof is satisfied by a presumption arising from the fact that most men are sane. In this case there was the merest shadow of evidence that the defendant was not of sound mind. The jury were told to consider all the evidence, including the bearing of the prisoner and the manner of his own testimony, and the evidence relied upon by him was stated. In the circumstances he could ask no more.

Finally an exception was taken to an interruption of the judge, asking the defendant's counsel to make an argument that did not tend to degrade the administration of justice. The reference was to an appeal to race prejudice and to such language as this: "You will believe a white man not on his oath before you will a negro who is sworn. You can swallow those niggers if you want to, but John Randolph Cooper will never swallow them." The interruption was fully justified.—The foregoing are the exceptions argued. In our opinion there is nothing in them or in any that were taken. The judgment of the Circuit Court must stand.

*Judgment affirmed.*