## BACHMAN et al. v. McCLUER.
### No. 9567.

Circuit Court of Appeals, Eighth Circuit.

Feb. 15, 1933.

Benjamin W. Grover, Allan R. Browne, and Wilbur B. Ennis, all of Kansas City, Mo., for appellants.

Joseph T. Owens, of Kansas City, Mo. (Walter A. Leimer, Frank P. Barker, and Winger, Reeder, Barker, Gumbiner & Hazard, all of Kansas City, Mo., on the brief), for appellee.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court confirming orders of the referee in bankruptcy requiring the appellants to execute to the trustee in bankruptcy conveyances of certain property now in the possession of the trustee and claimed by him to have been in the possession of the bankrupt, Otto Bachman, at the time he filed his voluntary petition.

The property involved is a building with living rooms on the second story and store rooms on the first floor, located at 2800 East Twelfth street, Kansas City, Mo., and the merchandise, furniture, and fixtures of a drug store located therein. The bankrupt was an unmarried man and was living in one of the apartments on the second floor of the building at the time the petition was filed. Irene Nagle also had an apartment on the second floor and was a friend of the bankrupt. The bankrupt had owned the real property for several years. It was encumbered with a first mortgage of $12,000, and a second mortgage of $500. He had originally paid some $16,000 for it. On January 7, 1930, he placed a third mortgage or deed of trust upon this real property to secure a demand note for $12,000 payable to A. L. Russell. C. M. Davis was the trustee. At the time the trust deed was executed, a Mrs. Lovich had brought suit against the bankrupt for assault, and this suit was about to go to trial. On July 26, 1930, the third mortgage or deed of trust was foreclosed, and a trustee's deed to Henry Bachman, the brother of the bankrupt, was recorded. A judgment for $1,200 was obtained by Mrs. Lovich against the bankrupt, and on September 12, 1930, he filed his voluntary petition in bankruptcy scheduling three debts, including this judgment, and no assets.

At the time the petition was filed, the legal title to the real estate in question was in Henry Bachman. The corner store room of the building was occupied by a drug store which had formerly been owned and operated by Otto Bachman, and Irene Nagle was claiming title to the merchandise, furniture, and fixtures, as the vendee under a bill of sale from C. M. Davis, who she claims had taken over the drug store from the bankrupt and held a $1,500 chattel mortgage given by the bankrupt, which she had assumed. With reference to his property, the bankrupt testified at the first meeting of his creditors as follows:

"When I made the new third mortgage for $12,000, a $10,000 suit for assault was pending against me brought by Lorene Lovich, and I was expecting it to go to trial most any time. Mrs. Lovich recovered judgment for $1,200 in March or April. I got rid of my property and had nothing else when the suit came to trial.

"I opened up the drug store the first of June, but I put a chattel mortgage on it before that, about the 18th or 19th of May. The damage suit had been pending for two or three years. Before it came to trial, the house at 31st and Bellefontaine had been transferred to my brother. A new third mortgage on the property at 2803 E. 12th street with Davis as trustee had been given and in January I borrowed $400 on my automobile and also in January I borrowed $500 from Davis and gave him a chattel mort-

gage on the furniture in the building. I got this money in cash in January of this year."

The trustee in bankruptcy, believing that the drug store and building was in the possession of and belonged to the bankrupt at the time of bankruptcy, on November 21, 1930, procured from the referee an order, returnable November 26, 1930, requiring Henry Bachman and Lockie Bachman, his wife, and Irene Nagle to show cause why an order should not be entered directing them to transfer the property to the trustee. The order was served by registered mail, and a hearing was had on November 26th. Irene Nagle appeared in person. There was no appearance by the Bachmans. Testimony was introduced, only a part of which is in the record, since there was no reporter present. The referee found that due notice of the hearing had been given, and ordered Henry Bachman to execute and deliver to the trustee a deed covering the real estate, and ordered that Otto Bachman, bankrupt, and Irene Nagle deliver to the trustee the merchandise and fixtures, together with a proper assignment.

After this order was made, Irene Nagle filed exceptions and for the first time objected to the jurisdiction of the referee. She also filed a petition for review of this order.

Thereaffer, Henry Bachman through counsel entered his appearance, objected to the jurisdiction of the referee, asserted that he was the owner of the real estate by virtue of the foreclosure of the trust deed, and moved to set aside the order dated November 26, 1930, on the ground that he had not been given sufficient time in which to prepare and file a response to the order requiring him to show cause. Thereupon the referee so as not to foreclose by default any right or interest which Henry Bachman might have, entered an order on December 9, 1930, granting him additional time to appear and propound his claim. The matter came on for hearing, pursuant to such order, on December 19th and 22d. Henry Bachman did not appear in person, but did appear by counsel. Additional testimony was adduced, and on February 14, 1931, the referee made his final order, finding that the bankrupt, at the time of the filing of his petition, was in the open and notorious possession of the property; that Henry Bachman had no right, title, or interest in or to it; and that the "pretended deed of trust" dated January 7, 1930, and its "pretended foreclosure" were null and void.

Thereupon Henry Bachman filed his exceptions to the orders of the referee, and petitioned for review of such orders, on the ground that the referee was without jurisdiction to make them, and that the findings upon which they were based were contrary to the evidence. The appellants' petitions for review were heard together. The court found that the orders of the referee were made after due notice and hearing, and that his findings that the bankrupt was in possession and active management of the property in question at the time he filed his petition in bankruptcy and that the claims of the appellants were invalid were sustained by the evidence, and confirmed the orders of the referee as to both appellants. The order of the court was entered on September 18, 1931, and on September 28, 1931, both appellants filed petitions for rehearing. These petitions were denied on November 21, 1931.

The appellants contend that the order to show cause of November 21, 1930, was insufficient, and that Henry Bachman did not have enough time in which to make response; that the referee had no jurisdiction to determine the adverse claims of the appellants in a summary proceeding; that the orders which were made were contrary to the evidence; that the referee was without authority to make them because of the unconstitutionality of the Bankruptcy Act; and that it was error for the court to deny the appellants' motions for rehearing.

It is unnecessary to discuss the last two contentions. No appeal was taken from the orders denying the motions for rehearing. The Bankruptcy Act (11 USCA) has been in force since 1898. As was said in Battle v. United States, 209 U. S. 36, 38, 28 S. Ct. 422, 423, 52 L. Ed. 670, with reference to another statute: "The argument, although ostensibly directed against the statute, must embrace the Constitution; and, as we have implied, such an argument comes many years too late." The appellants' contentions are sufficiently answered by In re Abbey Press (C. C. A. 2) 134 F. 51, 55, certiorari denied sub nomine Thompson v. Skillin, 196 U. S. 642, 25 S. Ct. 797, 49 L. Ed. 631.

So far as Irene Nagle is concerned: She appeared in response to the order to show cause, made no objection to its sufficiency and no objection to a determination by the referee upon the merits of the controversy between herself and the trustee upon his claim that the property was in the possession of the bankrupt and belonged to the bankrupt at the time the petition in bankruptcy was filed.

With the consent of an adverse claimant, a court of bankruptcy may determine

in a summary proceeding the validity of an adverse claim. Page, Trustee, v. Arkansas Natural Gas Corporation, 286 U. S. 269, 52 S. Ct. 507, 76 L. Ed. 1096, affirming this court, see 53 F.(2d) 27; MacDonald, Trustee, v. Plymouth County Trust Co., 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093. When an adverse claimant appears, in response to an order to show cause, and submits the merits of his claim to the referee in bankruptcy in a summary proceeding, without objection to the jurisdiction, he consents to that form of procedure. First State Bank of Crook, Colo., v. Fox (C. C. A. 8) 10 F. (2d) 116, 118; Jones v. Blair (C. C. A. 4) 242 F. 783, 787; In re Rockford Produce & Sales Co. (C. C. A. 7) 275 F. 811, 814; Operators' Piano Co. v. First Wisc. Trust Co. (C. C. A. 7) 283 F. 904, 905, 906; In re Steuer (D. C.) 104 F. 976, 977; Ryttenberg v. Schefer (D. C.) 131 F. 313, 317, 318; In re Kornit Mfg. Co. (D. C.) 192 F. 392, 395; 5 Remington, Bankruptcy (3d Ed.) § 2197, p. 287. After the decision of the referee has been rendered, an objection to his jurisdiction comes too late. In re Emrich (D. C.) 101 F. 231; In re Hopkins (C. C. A. 2) 229 F. 378, 380; In re Berry (D. C.) 247 F. 700, 705; In re Matthews (D. C.) 109 F. 603.

In Page, Trustee, v. Arkansas Natural Gas Corporation, supra, page 271 of 286 U. S., 52 S. Ct. 507, 508, the court said: "It also held that the referee had power to make the ·order, since Lyvers had participated in the litigation without objecting to its summary form until after the order had been made. We think that the judgment should be affirmed."

▉ Another reason why the sufficiency of the order to show cause, so far as Irene Nagle is concerned, cannot be considered by this court, is that it was not questioned, so far as the record shows, before the referee or before the court below; and this court will not pass upon questions which are presented here for the first time. In re Schulte-United, Inc. (C. C. A. 8) 59 F.(2d) 553, 559.

[5] The claim of Henry Bachman was not finally determined by the referee until February 14, 1931. Prior to that time and in response to the order of December 9, 1930, granting additional time within which he might propound his claim, he objected to the jurisdiction of the referee. It does not appear, however, that Henry Bachman complained to the court below that the notice given him by the order to show cause issued on November 21, 1930, was inadequate with respect to time or otherwise. There is no competent evidence in the record that it was inadequate or that he was in any way prejudiced by not being granted a longer time. He was later given an opportunity to present fully whatever claim he had. He is in no position to challenge the finding of the referee and the court that the orders affecting him were made after due notice. In re Schulte-United, Inc., supra.

The only other contentions of the appellants which we feel called upon to discuss are that the referee was without jurisdiction to determine the validity of Henry Bachman's claim in summary proceedings, and that the findings that the bankrupt was in possession of the property at the time of bankruptcy, and that the appellants' claims were invalid, were contrary to the evidence.

The Supreme Court of the United States, in the case of Taubel-Scott-Kitzmiller Co., Inc., v. Fox et al., Trustees, 264 U. S. 426, 432, 44 S. Ct. 396, 398, 68 L. Ed. 770, said:

"By the act of 1898 as originally enacted, the power of the bankruptcy court to adjudicate, without consent, controversies concerning the title, arising under either section 67e or section 60b, or section 70e, was confined to property of which it had possession. The possession, which was thus essential to jurisdiction, need not be actual. Constructive possession is sufficient. It exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the trustee; where the property was delivered to the trustee, but was thereafter wrongfully withdrawn from his custody; where the property is in the hands of the bankrupt's agent or bailee; where the property is held by some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable only. As every court must have power to determine, in the first instance, whether it has jurisdiction to proceed, the bankruptcy court has, in every case, jurisdiction to determine whether it has possession actual or constructive. It may conclude, where it lacks actual possession, that the physical possession held by some other persons is of such a nature that the property is constructively within the possession of the court.

"Wherever the bankruptcy court had possession, it could, under the act of 1898, as originally enacted, and can now, determine in a summary proceeding controversies involving substantial adverse claims of title under subdivision 'e' of section 67, under

subdivision 'b' of section 60 and under subdivision 'e' of section 70. But in no case where it lacked possession, could the bankruptcy court, under the law as originally enacted, nor can it now (without consent) adjudicate in a summary proceeding the validity of a substantial adverse claim."

In addition to the power to determine whether it has possession, actual or constructive, of property claimed adversely, the court also has the power to determine whether an adverse claim is real and substantial or merely colorable. Harrison, Trustee, v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897.

The court below, however, did not hold that the claim of Henry Bachman was merely colorable, but based its conclusion that it had jurisdiction upon a determination that at the time the petition was filed it had possession of the property which was the subject of the controversy. If that finding is sustained by substantial evidence, this court would have no right to disturb it.

Aside from the evidence of Otto Bachman which was adduced at the first meeting of the creditors, a transcript of which was introduced in evidence before the referee at his hearing on November 26, 1930, there appears in the record no testimony of the bankrupt. Henry Bachman never appeared at any of the hearings, and never in person asserted any interest in the property. There is found in the record no statement by him, under oath or over his signature, that he was ever in possession of it at any time. The evidence tended to show that Otto Bachman, after the foreclosure of the third mortgage or trust deed, continued to occupy and manage this property as he had done theretofore, to make repairs upon it, to procure tenants, to grant free rent, and to pay taxes. It is true that Irene Nagle testified that she

managed the building as agent for Henry Bachman, and that she turned over moneys, which were procured in part at least from tenants of the building, to Otto Bachman to enable him to pay the taxes, repairs, and other items. The evidence showed, however, that she had never sent to Henry Bachman any of the rentals collected, and had never received from him any moneys in connection with the operation of the building. Her testimony relative to her asserted ownership of the drug store and agency for Henry Bachman was of such a character and was so highly improbable that it tended to discredit, rather than to prove, her assertions. The evidence further indicated that the foreclosure of the trust deed was procured and directed by Otto Bachman, and that, although Henry Bachman's name was used, he at no time had actual participation in the transaction which resulted in his becoming the record owner and never paid any consideration for the trust deed. The referee and the court reached the conclusion that the means used to make it appear that Irene Nagle and Henry Bachman had an interest in the bankrupt's property were merely so much scenery, that Henry Bachman never went into possession of this property under the foreclosure of the trust deed or otherwise; and that Irene Nagle, if she was an agent at all, was merely the agent of the bankrupt himself.

The absence from the record of a portion of the evidence adduced at the hearing of November 26, 1930, would perhaps justify us in assuming the sufficiency of the evidence to sustain the orders of the referee and the court, but it is not necessary to base our conclusion on that assumption. The evidence which is in the record amply supports the findings not only as to possession, but also as to the invalidity of the appellants' claims.

The order appealed from is affirmed.