## McDANIEL NAT. BANK v. BRIDWELL.
### No. 9640.

Circuit Court of Appeals, Eighth Circuit.
May 16, 1933.

William D. Tatlow, of Springfield, Mo. (Arch A. Johnson, of Springfield, Mo., on the brief), for appellant.

Frank B. Williams, of Springfield, Mo. (John S. Farrington, of Springfield, Mo., and J. E. Haymes, of Marshfield, Mo., on the brief), for appellee.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

John H. Case was adjudged a bankrupt in 1927, and the appellee was appointed his trustee in bankruptcy. Conceiving that a deposit of $6,361.60 in the McDaniel National Bank, evidenced by a certificate of deposit issued to Hattie Winslow, was created with money belonging to the bankrupt and transferred by him to Mrs. Winslow in fraud of his creditors, and was an asset of his estate, the trustee brought a plenary suit in equity in the court below against Mrs. Winslow and the bank to recover this asset. Mrs. Winslow denied that the deposit belonged to the bankrupt or constituted any part of his estate. The bank took the position that it was a stakeholder and asserted no interest in the deposit. The court found that the deposit was an asset of the bankrupt's estate, and that neither Mrs. Winslow nor the bank had any right, title, or interest in it, and decreed that the bank and Mrs. Winslow pay the amount of the deposit, less costs and an attorney's fee allowed counsel for the bank, to the trustee. From this decree, entered October 17, 1930, no appeal was taken. On December 2, 1930, the bank filed a bill in equity in the same court, reciting the entry of the decree, alleging that the bankrupt was indebted to the bank, at the time he was adjudicated, for an unpaid balance of more than $4,000 upon a promissory note, which it was entitled to offset against the deposit which the court had decreed belonged to the trustee, and asking that the bank be permitted to deduct this indebtedness from the amount it was required to pay the trustee. The court stayed the execution of the decree, and on July 1, 1931, ordered the bank to pay into the registry of the court the amount of the deposit in question to abide the further order of the court. On motion of the trustee, the court, in September, 1931, dismissed the suit of the bank, upon the ground that the court sitting in equity had no jurisdiction to determine the rights of the bank with reference to this deposit, that being a matter for the court of bankruptcy. From the decree of dismissal of its suit, the bank has appealed.

It is conceded that the court below had no jurisdiction of the bank's suit, unless, as the bank asserts, it was a dependent suit, and hence a continuation of the one brought by the trustee.

■ It is plain that the bank was at liberty, under Equity Rule 30 (28 USCA § 723), to assert in its answer in the original suit its right of offset based upon the indebtedness of the bankrupt to it; it is equally apparent, however, that is was not compelled to do so.

Equity Rule 30 provides: "The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final decree in the same suit on both the original and the cross-claims."

Referring to rule 30, the Supreme Court of the United States, in American Mills Co. v. American Surety Co. of New York, 260 U. S. 360, 365, 43 S. Ct. 149, 151, 67 L. Ed. 306, said: "The counterclaim referred to in the first part of the paragraph must therefore be an equitable counterclaim, one which like the set-off or counterclaim referred to in the next clause could be made the subject of an independent bill in equity. The counterclaim and the set-off and counterclaim in the two clauses are in pari materia, except that the first grows out of the subject-matter of the bill and the other does not. That which grows out of the subject-matter of the bill must be set up in the interest of an end of litigation. That which does not may be set up if the defendant wishes in one proceeding in equity quickly to settle all equitable issues capable of trial between them in such a proceeding, even though they are not related."

The subject-matter of the suit of the trustee was the ownership of the deposit. The claim which the bank now seeks to offset is upon the note of the bankrupt. This note did not arise out of the same transaction as the deposit. The bank elected not to assert its right of set-off against the trustee in the original suit. It permitted that suit to be finally determined.

■■ A decree is final when it terminates the litigation on the merits of the case and leaves nothing to be done but to enforce, by execution, what has been determined. St. Louis, I. M. & S. R. R. Co. v. Southern Express Co., 108 U. S. 24, 28, 2 S. Ct. 6, 27 L. Ed. 638; Bostwick v. Brinkerhoff, 106 U. S. 3, 1 S. Ct. 15, 27 L. Ed. 73; Grant v. Phœnix Mut. Life Insurance Co., 106 U. S. 429, 1 S. Ct. 414, 27 L. Ed. 237. The decree here was an adjudication that the deposit belonged to the trustee and that it was an asset of the estate in bankruptcy. Its effect was to transfer title to the trustee.

■■ A court of equity has inherent power to prevent its own process from working injustice to any one, and this power may be in-

430

voked in a proper case by an ancillary or dependent bill. Compton v. Jesup (C. C. A. 6) 68 F. 263, 279; Campbell v. Golden Cycle Mining Co. (C. C. A. 8) 141 F. 610, 612; Loy v. Alston (C. C. A. 8) 172 F. 90, 94; Dickey v. Turner (C. C. A. 6) 49 F.(2d) 998, 1000. Assuming that the bank now has a right of offset as against the trustee, there appears to be no injustice in requiring that the bank resort to the court of bankruptcy to enforce that right. Had the deposit been voluntarily surrendered to the trustee, it is clear that any controversies with respect to it would have been determinable only in the court of bankruptcy.

■ This is not a case where the court of equity ever had possession of any property or any fund. The deposit was a mere chose in action. The court was never requested to impound any property. It was asked to determine whether the deposit was property of the bankrupt estate. The fact that the bank was permitted to pay the amount of the deposit into the registry of the court after the entry of the decree of October 17, 1930, instead of paying it to the trustee, did not in any way confer jurisdiction upon the court below to entertain the suit of the bank. There was no property within the court's control when the bank commenced its suit. The payment which it made into the registry of the court was in lieu of execution, and its obvious purpose was to give the bank its day in court without requiring it to pay over the amount of the deposit to the trustee in advance of a hearing.

The court below, at the time it dismissed the suit of the bank, was in this situation: It had determined that the trustee was entitled to the deposit; its decree was a final one determining all of the issues presented in the original suit. It had obtained no jurisdiction over the deposit further than the jurisdiction to determine the question of ownership. Under the law, all the assets of the bankrupt estate were under the control and subject to the jurisdiction of the court as a court of bankruptcy, Straton v. New, 283 U. S. 318, 321, 51 S. Ct. 465, 75 L. Ed. 1060; Isaacs v. Hobbs T. & T. Co., 282 U. S. 734, 737, 51 S. Ct. 270, 75 L. Ed. 645; and this jurisdiction was exclusive and could not be surrendered. United States F. & G. Co. v. Bray, 225 U. S. 205, 218, 32 S. Ct. 620, 56 L. Ed. 1055; Hanna v. Brictson Mfg. Co. (C. C. A. 8) 62 F.(2d) 139, 145.

The only reason the trustee had resorted to the court as a court of equity was that the court of bankruptcy was without jurisdic-

tion to adjudicate in a summary proceeding a controversy with reference to property held adversely to the bankrupt estate unless the consent of the adverse claimant was obtained. Harrison v. Chamberlin, 271 U. S. 191, 193, 46 S. Ct. 467, 70 L. Ed. 897; Bachman v. McCluer (C. C. A. 8) 63 F.(2d) 580.

■■ Since the possession which gives to the court of bankruptcy jurisdiction over controversies concerning the title to property of the bankrupt need not be actual, Taubel-Scott-Kitzmiller Co., Inc., v. Fox, 264 U. S. 426, 432, 44 S. Ct. 396, 68 L. Ed. 770; Bachman v. McCluer, supra, a final determination of the title to the deposit rather obviously ended the case so far as the jurisdiction of the court of equity was concerned. Thereafter jurisdiction to determine controversies with respect to this asset of the bankrupt's estate was vested in the court of bankruptcy just as completely as if the title to the deposit had been in the bankrupt at the time his petition was filed. We think that the questions whether the bankrupt was indebted to the bank, whether the bank had a right of set-off as against its deposit liability because of the Winslow deposit, and whether this was available to it as against the trustee after the determination of his suit, were all questions to be decided exclusively by the court of bankruptcy.

The decree is affirmed.