## McDANIEL NAT. BANK v. BRIDWELL (two cases).

### Nos. 9910, 9931.

Circuit Court of Appeals, Eighth Circuit.

Nov. 30, 1934.

William D. Tatlow, of Springfield, Mo. (Arch A. Johnson, of Springfield, Mo., on the brief), for appellant.

Frank B. Williams, of Springfield, Mo. (Farrington & Curtis, of Springfield, Mo., J. E. Haymes, of Marshfield, Mo., and Williams & Stone, Guy D. Kirby, and Charles M. Farrington, all of Springfield, Mo., on the brief), for appellee.

Before STONE and GARDNER, Circuit Judges, and JOYCE, District Judge.

JOYCE, District Judge.

There are two appeals in this matter, one of which was allowed by the court below as a plenary appeal in equity in a controversy arising in bankruptcy between the appellant and appellee (No. 9931), and the other, allowed by this court, as to a question of law arising in the bankruptcy proceeding (No. 9910). The purpose of the two appeals was merely precautionary, as the parties were doubtful whether the matter was a controversy in bankruptcy or a proceeding in bankruptcy. We are of the view that it is a proceeding in bankruptcy, since it involves the allowance of a claim, and the appeal in No. 9931 will therefore be dismissed.

An involuntary petition in bankruptcy was filed against John H. Case in the Southern division of the Western district of Missouri on the 8th day of July, 1927. He was adjudged a bankrupt August 3, 1927. On the 8th day of August, 1927, the appellant bank filed in the bankruptcy court a general claim based upon a promissory note, by the terms of which Case was indebted to the bank at the date of the filing of the petition in

the sum of $3,837.50. The claim was filed as an unsecured claim. At the time of filing the petition in bankruptcy there was on deposit in the bank the sum of $6,361.60, evidenced by three certificates of deposit issued to Mrs. Hattie Winslow. The trustee in bankruptcy brought a plenary suit against Mrs. Winslow and the bank to recover them as an asset of the estate, on the ground that the money with which they were purchased was transferred to Hattie Winslow by the bankrupt in fraud of creditors. The bank took the position of a mere stakeholder and asserted no right in the deposit. In its amended answer in that action it alleged, among other things:

"That defendant bank is not interested in the controversy between the plaintiff herein and the defendant Hattie Winslow, as to the ownership of the proceeds of said time certificates of deposit or of the fund represented thereby but is merely a stakeholder of said fund and is willing to pay the same to the person or persons lawfully entitled thereto, but has been advised that it cannot do so with safety to itself so long as the rival and conflicting claims of the plaintiff and the defendant Hattie Winslow are undetermined.

"That defendant desires to interpose this its amended answer in the matter of the bill of interpleader and avers that same is not filed out of collusion with either of said claimants but in good faith for the sole purpose of being released from the danger of being made liable for the same debt to different parties asserting rival and conflicting claims thereto."

and prayed that it be allowed to pay the money into court, and thereby be discharged of all liability to any one for the money.

The trustee prevailed in this litigation, the court finding the asset belonged to the bankrupt's estate. There was no appeal from the decree entered October 17, 1930. The decree adjudged that neither the appellant nor Hattie Winslow had any right, title, or interest in the money, and that the plaintiff trustee have and recover the sum of $6,361.60 on deposit with the bank, less $500 allowed the bank for its attorney. The bank paid the entire sum into court July 1, 1931. On December 3, 1930, the bank obtained an order staying execution in this equity suit, to enable it to set off the debt owing by the bankrupt to the bank against the fund of $6,361.60. As ancillary to this suit, the bank filed an equity pleading, reciting the foregoing matters in detail, and prayed that it be allowed to set off the indebtedness owed by the bankrupt against the fund then on deposit with

the plaintiff bank. The court dismissed this bill on the ground that jurisdiction to determine the rights of the bank in the deposit rested in the court of bankruptcy. This holding was affirmed by this court, McDaniel National Bank v. Bridwell, 65 F. (2d) 428. On June 28, 1933, appellant paid to appellee the sum of $1,069.54 representing accrued interest on the judgment and part of the costs. Later it filed in the bankruptcy court a petition asking for the right of set-off as it had in the ancillary bill. The referee denied the appellant relief on the matter of set-off and allowed its claim as a general, unsecured claim for the amount of the note, taking the position that Mrs. Winslow stood in the position of trustee for the bankrupt's creditors, and that there was no debt owing by the bank to Case. On petition for review the District Court affirmed the referee. The appeals as aforesaid have followed.

One question presents itself: May a bank, receiving a deposit in good faith from one determined to be a constructive trustee for a trustee in bankruptcy, set off the amount of that deposit against a claim it possesses against the bankrupt, especially when it has failed to assert any right in said deposit in an original suit brought by the trustee against it and the nominal depositor?

Section 68 of the Bankruptcy Act (U. S. C. title 11, § 108 [11 USCA § 108]) in part provides: "(a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

From the wording of this subsection it is evident that, before a creditor may enjoy the use of the set-off principle against the bankrupt's estate, two essential elements must be established: (1) Two debts must exist, one of the creditor and one of the bankrupt's estate. (2) These debts must be mutual, i. e., the creditor's debt must be owed to the estate of the bankrupt, and the estate's debt must be owed to this creditor. When these conditions are fulfilled, the statute applies with full force and may be taken advantage of. New York County National Bank v. Massey, 192 U. S. 138, 146, 24 S. Ct. 199, 48 L. Ed. 380; Roger v. J. B. Levert Co. (C. C. A. 5) 237 F. 737, 742; Walther v. Williams Mercantile Co. (C. C. A. 6) 169 F. 270, 274; In re Howe Mfg. Co. (D. C. W. D. Ky.) 193 F. 524, 527; Clifford v. Oak Valley Mills Co. (D. C. D. Mass.) 229 F. 851, 853.

This right on numerous occasions has been applied with respect to bank deposits. New York County National Bank v. Massey, supra; Continental & C. T. & S. Bank v. Chicago T. & T. Co., 229 U. S. 435, 33 S. Ct. 829, 57 L. Ed. 1268; Studley v. Boylston Bank, 229 U. S. 523, 526, 33 S. Ct. 806, 57 L. Ed. 1313; United States v. Butterworth-Judson Corporation, 267 U. S. 387, 394, 45 S. Ct. 338, 69 L. Ed. 672; Fourth National Bank of Wichita v. Smith (C. C. A. 8) 240 F. 19; Stevens v. Bank of Manhattan Trust Co. (C. C. A. 2) 66 F.(2d) 502, 504; Bain v. Indiana National Bank (C. C. A. 7) 64 F.(2d) 112, 114.

If such conditions are not fulfilled and the required mutuality is lacking, set-off is impossible under the statute. Alvord v. Ryan (C. C. A. 8) 212 F. 83; In re Bevins (C. C. A. 2) 165 F. 434; Maryland Cas. Co. v. John H. Parker Co. (1922) 51 App. D. C. 340, 279 F. 796, 798; In re Shults (D. C. W. D. N. Y.) 132 F. 573.

█ █ Appellant was a creditor of Case and he was its debtor because of the note, and Hattie Winslow was a creditor of the bank, and it was her debtor because of the certificates of deposit. It owed Case nothing. Case had parted with title to the money represented in the certificates. There was no mutuality of debts and credits between Case and the bank when the petition was filed which is the time when the right of set-off must be measured. At that time by virtue of law there came to the trustee in bankruptcy the right to recover the certificates of deposit for the estate. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; Acme Harvester Co. v. Beckman, 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; and Lazarus, Michel & Lazarus v. Prentice, 234 U. S. 263, 34 S. Ct. 851, 58 L. Ed. 1305. This right was exercised and bore fruit. It was translated from a right to recover for the benefit of creditors into actual ownership of the debt against the bank. The debt became the trustee's property. There was never any mutuality of debts and credits between appellant and Hattie Winslow or appellant and the trustee. It is no different than if the trustee after his appointment had deposited funds of the estate with the bank. There would then have been no right of set-off.

Mutuality of debt, and credit at the time of the filing of the petition, or any other time, would have been lacking. In re O'Gara Coal Co. (C. C. A. 7) 278 F. 509; Reed v. Barnett Nat. Bank (C. C. A. 5) 250 F. 983.

The bank asserts that it acquired rights superior to those of the trustee in bankruptcy because, upon receiving the deposit, it "stood in the 'predicament' of a bona fide purchaser for a valuable consideration." This very stand, however, is the weak spot in appellant's argument. Even laying aside the question whether consideration is present, it is impossible to see how the bank purchased this deposit, or this "right of being indebted" to Case. A bank, in receiving a deposit, does not purchase and acquire something of value for some consideration. All the merit which lies in the bank's innocence does not supply the lack of a superior right.

Furthermore, it seems to us that the bank, being made a party to the original equity suit, by its pleading therein precluded itself from now asserting a right of set-off. It then asserted that it had no interest in the controversy between the plaintiff and the defendant Hattie Winslow as to the ownership of the certificates of deposit; that it was merely a stakeholder and was willing to pay the same to the person or persons lawfully entitled thereto and disclaimed all interest whatever in the deposit. (Counsel for Mrs. Winslow were also counsel for the bank). Based upon this pleading the court adjudged that neither the appellant here nor Hattie Winslow had any right, title, or interest in the money, but that the plaintiff trustee should recover the same. It is to be noted that, after the entry of judgment adjudicating the bank to be without interest in the fund, it thereafter, on July 1, 1931, voluntarily paid the entire amount due into court. We think this was an election, and certainly after that time there was no relation of debtor and creditor between the bank and the bankrupt's trustee.

The appeal in case No. 9931 is dismissed, and the judgment appealed from in case No. 9910 is affirmed.

STONE, Circuit Judge, concurs in the result.