Aubrey McRae **LUTTRELL**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19744.

United States Court of Appeals
Fifth Circuit.

July 3, 1963.

Hugh N. Clayton, New Albany, Miss., for appellant.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before RIVES and WISDOM, Circuit Judges, and BOOTLE, District Judge.

BOOTLE, District Judge.

Appellant, Clim Allen Cross, and Oliver Prince were indicted in Count I for a conspiracy to violate the Internal Revenue Laws relating to distilled spirits; and appellant and Cross were indicted in Count II for possessing an unregistered distillery and in Count III for possessing non-tax-paid whiskey. Appellant's two co-defendants entered pleas of guilty, and appellant suffered conviction at the hands of the jury. His appeal is based upon his contentions that the trial court erred in five respects: (1) in overruling his motion for a bill of particulars; (2) in admitting certain testimony of L. R. Mashburn; (3) in voluntarily admonishing counsel for appellant in his argument to the jury; (4) in overruling a motion for a judgment of acquittal, and (5) in admitting certain testimony of A. C. Best relative to sugar report forms and the contents thereof.

(1). The motion for a bill of particulars is directed at certain of the charges of overt acts and seeks various specifications as to dates, times, places, description of a certain farm, names, addresses, points of origin and destination of twenty-three alleged transportations of sugar, and of an unspecified number of transportations of jugs and kegs, and a clarification of the word "caused" as contained in an overt act charging that one person caused another to move a still from one place to another. This motion was addressed to the sound discretion of the trial court, and that discretion was not abused in its denial. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927). Moreover, the appellant was not taken by surprise at the trial, and his rights were not prejudiced by the absence of the bill of particulars requested. Actually, counsel for appellee had been good enough to supply appellant's counsel long before trial with a list of the Government's witnesses.

(2). The testimony of L. R. Mashburn, Area Supervisor of the Alcohol and Tobacco Tax Division, which was objected to was rebuttal testimony regarding the characteristics of illicit liquor operations. Appellant had called witnesses who testified generally to the effect that the customary indication of such an operation would be the hanging around of known violators and chronic drunks, that the witnesses had not seen any indications that appellant was engaged in such operation, and specifically that when they were in appellant's store they had not seen any signs of jugs or moonshine whiskey. In rebuttal, the witness Mashburn was asked whether it was usual or unusual to find around the home or usual place of business of a person in the business of operating an illicit distillery any jugs or any raw materials, and, over appellant's objection, responded that it is unusual to find jugs or raw materials or anything else connected with the distillery at places other than those commonly used by the violator for storage or transfer places; that usually those things are not seen by the person passing or visiting; that they are kept concealed and that the larger the operation the less likelihood there is for those materials or whiskey to be seen by a visitor or one passing by. Having opened the door to this line of testimony, appellant cannot successfully object to appellee's accepting the challenge and attempting to rebut the proposition asserted. This rebuttal evidence was germane and proper in all respects. "It is within the distinct office of rebuttal to explain, repel, counteract, or disprove the evidence of the adverse party." Shepard v. United States, 64 F.2d 641, 642 (10th Cir. 1933). See also United States v. Crowe, 188 F.2d 209, 213 (7th Cir. 1951).

(3). The next specification of error is that the court erred in "interrupting appellant's counsel in his argument to the jury and in admonishing him twice in the presence of the jury", and appellant's brief complains further in this

connection that "on two other occasions" the court interrupted counsel for appellant. The first interruption came as appellant's counsel was discussing the credibility of the Government witness Masten, and was proceeding to point out, by exhibiting the indictment to the jury, that although Masten was named in an overt act as having set up a distillery and had so testified, he was not indicted. The comments of the trial court in overruling the motion for judgment of acquittal or in the alternative for a new trial, indicated that counsel was "leaning over into the jury box to show the indictment to the jury." Appellant's brief says that counsel "was standing with his back to the jury, in front of the jury box, and held the indictment where the jury could see it." At that point, the court, addressing counsel for appellant, said:

> "[Y]ou may stand back and read the Indictment. You may not display the Indictment to the jury."

The above mentioned comments show that the court's remarks sprang from two considerations; one, the indictment contained at the conclusion of each count a parenthetical abbreviation of the statutory limits of punishment applicable thereto, and it would have been improper for the jury to see such notations; and, second, that the court thought that counsel's leaning over into the jury box to show the indictment to the jury was perhaps out of place also. We are constrained to agree with the trial court.

When the second interruption came, counsel for appellant was commenting to the jury about Oliver Prince who had been indicted and pled guilty and who had not testified. Incidentally, that is about all that the record shows about Prince, except that he worked at, or supervised the operation of, the distillery involved. Counsel stated "and the name of Oliver Prince runs through this indictment. He's under subpoena by the Government, as the file shows, and they haven't put him on the stand." Then the court, again addressing counsel for appellant, said: "I have allowed you considerable latitude beyond proper comment. This witness was as available to you as it [sic] was to the Government." Counsel for appellant responded, "All right, sir," and proceeded to a different phase of his argument. Noting no exception to this interruption, as is normally required if appellate review is to be had (12 Cyc.Fed.Pro. §§ 48.116, 48.117), and apparently acquiescing in all that the court said, appellant's counsel expressed no dissent from the proposition that the witness was equally available to both sides. We may, therefore, assume that this was true. The record so indicates. While there is authority to the effect that the question of availability is not one of mere physical presence at the trial or accessibility for the service of a subpoena and that availability may depend, among other things, upon the witness' relationship to one or the other of the parties and the nature of the testimony that he may be expected to give in the light of his previous statements or declarations about the facts of the case (United States v. Jackson, 257 F.2d 41, 43, 44 (3d Cir. 1958); McClanahan v. United States, 230 F.2d 919, 925, 926 (5th Cir. 1956)), the record here fails to indicate any partiality of this absent witness toward the Government or any cooperation or assistance he had rendered the Government, or any hostility or opposition toward appellant. This being so, it is clear that no unfavorable inference against the Government could be drawn from its failure to call this witness, he being equally available to both sides. Shurman v. United States, 233 F.2d 272, 275 (5th Cir. 1956); United States v. La Rocca, 224 F.2d 859, 861 (2d Cir. 1955). And this being so, the argument was improper because counsel in his argument "should confine himself to a discussion of the facts disclosed by the evidence or legitimate inferences deducible therefrom." (12 Cyc. Fed. Pro. § 48.166.) See also Himmelfarb v. United States, 175 F.2d 924, 951 (9th Cir. 1949) and May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994, 1010 (D.C.Cir. 1949). And this being so, it was not error for the court *sua sponte* to halt the argu-

ment. This was particularly true here, where, with consent of counsel, the court had charged the jury in advance of arguments and there was no further or later opportunity to make the correction. There are instances where it is proper and desirable for the court to stop an improper argument immediately and without awaiting a suggestion or motion from counsel. Battle v. United States, 209 U.S. 36, 39, 28 S.Ct. 422, 52 L.Ed. 670, 673 (1908); May v. United States, supra. See also Rhinehart, Seminar on Practice and Procedure, 28 F.R.D. 37, 235–236 (1960).

■ The other "two" interruptions occurred during the cross-examination of the Government witness Masten.

"Q. Who's paying your way and your expenses down here?

"The Court: * * * [T]hat's a matter of law. The United States Government pays the witnesses produced by them in the trial of any criminal case.

"Q. * * * May I ask him what per diem he's drawing?

"The Court: He's drawing the statutory rate of per diem."

We fail to see any reversible error with respect to these "two" interruptions.

■ The trial judge is more than a moderator; he is the governor of the trial for the purpose of assuring its proper conduct. Glasser v. United States, 315 U.S. 60, 82, 62 S.Ct. 457, 86 L.Ed. 680, 705 (1942). As the governor of the trial of this case, the trial judge exercised only such controls as were necessary to keep the trial on the proper track and he applied these controls fairly, temperately, and impartially. For instance, the court twice intervened on appellant's behalf; once, to prevent the introduction of hearsay, and once, to facilitate counsel's cross-examination. The court also once reproached appellee's counsel for unnecessarily prolonging cross-examination and having "gotten way off the track and talked about a lot of things that don't have a thing to do with the law suit."

■ (4). There being ample evidence to support the verdict of guilty, it was not error to overrule the motion for judgment of acquittal.

■ (5). The remaining specification of error is meritorious. In line with the holding of this court in Matthews v. United States, 217 F.2d 409 (5th Cir. 1954) appellee admits here that the court below erred in admitting into evidence Internal Revenue Forms 169 and testimony of A. C. Best relating thereto showing that eleven purchases of sugar were made by Clim Allen Cross, Clim Allen, and Cousin Lou's Bargain City, the name of appellant's store. As was held in Matthews, these sugar report forms are not business records within the meaning of 28 U.S.C.A. § 1732, or official records within the meaning of 28 U.S.C.A. § 1733, and were not admissible under any exception to the hearsay rule. Appellee would avoid the error, however, by saying that it is harmless in that there was ample evidence other than this hearsay to authorize the verdict, for instance, the testimony of Cross that he made ten or twelve of these sugar purchases, and that he and appellant personally made one of them. Appellee contends that the error was harmless for the additional reason that appellant was convicted not only upon the conspiracy count, but also upon Counts II and III charging substantive offenses, namely, the possession of an unregistered distillery and the possession of non-taxpaid whiskey. We accept the confession of error, but cannot accept the plea of avoidance. This sugar evidence was as potent with respect to the alleged substantive offenses as with respect to the conspiracy. The evidence against appellant was entirely circumstantial except that which came from accomplices. Being unable to say with fair assurance that the verdict was not substantially swayed by this inadmissible evidence (Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557, 1566, 1567 (1946)), and recognizing a strong probability that the scales were tipped in

favor of conviction thereby, (Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441), we must reverse and remand for a new trial.

Reversed and remanded.