439 F.2d 1081
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert C. WILSON, a/k/a Cecil Robert Wilson, Defendant-Appellant.
No. 30583 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 3, 1971, Rehearing Denied March 25, 1971.
 
 Robert C. Wilson, pro se.
 Paul Shimek, Jr., Pensacola, Fla., for defendant-appellant.
 William Stafford, U.S. Atty., Pensacola, Fla., for plaintiff-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Robert C. Wilson, was found guilty by a jury on four counts charging violations of 15 U.S.C. 905 which proscribes the making of a false statement in applying for a federal firearms license. On four separate occasions between January, 1966, and September, 1968, he signed applications which contained statements that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year. Appellant admits the existence of such a prior conviction and the signing of the application containing the false statement, but defends on the ground that the false statement was not knowingly made. Following the jury verdict he was sentenced to a term of two years on each count, the sentences to run concurrently. We reject appellant's assertions of prejudicial error in the conduct of the trial, and affirm the judgment. $2, 3$ Appellant's first contention is that the trial court abused its discretion in allowing the government to over-emphasize its rebuttal of an insinuation by appellant that the agent who arrested him had been drinking alcoholic beverages at the time of his arrest. We have concluded from our examination of the record that the trial judge was within his discretion in admitting the government's rebuttal evidence to meet this questionable issue raised by appellant. O'Brien v. United States, 411 F.2d 522 (5th Cir. 1969); Cotton v. United States, 361 F.2d 673 (8th Cir. 1966). A defendant may not complain on appeal that he was prejudiced by evidence relating to a subject which he opened up at trial. United States v. Licausi, 413 F.2d 1118 (5th Cir. 1969); United States v. Lowe, 234 F.2d 919 (3re Cir. 1956).
 
 
 2
 Appellant, nonetheless, requests us to direct that he be granted a new trial. At that trial he proposes to present 'newly discovered evidence' tending to establish that the arresting agent had in fact been drinking alcoholic beverages. We think the proffered evidence falls far short of the necessary requirements for granting a new trial on the basis of newly discovered evidence. See e.g., Fed.R.Crim.P. 33; Hudson v. United States,387 F.2d 331 (5th Cir. 1967), cert. denied 393 U.S. 876, 89 S.Ct. 172, 21 L.Ed.2d 147; Anderson v. United States, 369 F.2d 11 (8th Cir. 1966), cert. denied 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136.
 
 
 3
 Appellant also objects to interruptions by the court of his attorney's argument to the jury. The attorney made elaborate, repeated and thinly veiled attempts in his argument to induce the jury to consider matters obviously inappropriate to a determination of guilt or innocence under the statutory law. The argument was an obvious appeal for mercy which included references to 'moral law', conscience, the Bible, and the punishment. The court, on three occasions, interrupted to curtail the scope of the argument and to caution the jury not to respond to these pleas. We find no error in these efforts by the trial court to keep the case in proper perspective. See United States v. Del Toro, 426 F.2d 181, 184 (5th Cir. 1970); Luttrell v. United States, 320 F.2d 462 (5th Cir. 1963).
 
 
 4
 The judgment below is affirmed.