In re Rodney D. BARFKNECHT and Susan E. Barfknecht, Debtors.

Rodney D. BARFKNECHT and Susan E. Barfknecht, Plaintiffs,

v.

COUNTY OF HENNEPIN, HENNEPIN COUNTY DEPARTMENT OF WELFARE, Defendants.

Bankruptcy No. 3–80–02247.
Adv. No. 81–0154.

United States Bankruptcy Court, D. Minnesota, Third Division.

Nov. 17, 1981.

---

4. *Id.* at 178.

5. *Id.* at 178.

6. *Id.* at 178.

7. *See id.* at 178 n.6.

8. N.T. at 49–50.

Joseph M. Hoffman of Murrin Metropolitan Legal Clinic, Minneapolis, Minn., for plaintiffs.

Arthur W. Katzman, Asst. Hennepin County Atty., Minneapolis, Minn., for defendants.

JACOB DIM, Bankruptcy Judge.

The above entitled matter came on for hearing on July 13, 1981 before the Honorable Jacob Dim, Bankruptcy Judge.

At the hearing both parties agreed that the facts were undisputed. They may be simply stated. The debtor filed for relief under chapter 7 of title 11 of the United States Code on December 23, 1980. One of the creditors listed by the debtor is Hennepin County. Under a child support order issued by the state district court, the debtor owes Hennepin County about $5,210.00.

On November 22, 1980, pursuant to *Minn. Stat.* § 270A, Hennepin County notified the Commissioner of Revenue of the State of Minnesota of the judgment and requested set off according to the procedures of *Minn. Stat.* 270A.07. On April 7, 1981, the Commissioner of Revenue paid to Hennepin County the sum of $574.00 which otherwise would have been payable as a tax refund to the debtor.

The debtor has asserted that the set off was taken in violation of 11 U.S.C. § 362(a)(7). The set off occurred on November 22, 1980. It was on that date the debtor lost his rights to the refund, if any, due from his income tax payments. Pursuant to *Minn.Stat.* § 270A.07 subd. 2, the notification to the Commissioner of Revenue initiates the set off. Only if the debtor requests a hearing within 45 days can the debtor recover his right to any refund.

The sole question to determine is whether the debts were mutual debts within the meaning of 11 U.S.C. § 553(a). A mutual debt was defined under the former Bankruptcy Act. In *McDaniel Nat'l Bank v. Bridwell,* 74 F.2d 331 (8th Cir. 1934) mutual debts are two debts: one owed by the creditor to the debtor; and one owed by the debtor to the creditor. This definition was adopted by Judge Owens in *Peterson Fine Arts, Inc. vs. Commissioner of the State of Minnesota,* Adv. No. 80–01 (Bky.Minn.1980). There is nothing in the legislative history indicating that the definition from *McDaniel* supra has been changed and this court follows Judge Owens in adopting that definition.

■ The income tax refund was due from the State of Minnesota as a result of payroll withholding throughout 1980. The refund was due to the debtor. Although the right to the refund was unliquidated and contingent until a return was filed, it clearly exists. The right to a refund is transferable and assignable. It passes to the trustee as property of the estate under § 541 unless exempted by the debtor under § 522. Thus, there was a debt, the refund, owed by the creditor, State of Minnesota, to the debtor, Rodney D. Barfknecht.

■ The debt owed by the debtor, Rodney D. Barfknecht, was a child support obligation originally owed to Nancy L. Barfknecht, as guardian for Nancy Lou Barfknecht. The right to support was assigned to the State of Minnesota initially on June 27, 1975 and again on January 12, 1979 by her. The assignments were made according to federal and state law. Both assignments, in essence, state that the assignor "hereby assigns to State of Minnesota, by its agent, the county welfare department" the right to support.

The debt owed by the debtor is, by the plain and unambiguous words of the assignment, owed to the State of Minnesota. Hennepin County and the Hennepin County Department of Welfare are merely the agents to distribute and collect for the State of Minnesota. Thus the debt, the support obligation, is owed by the debtor, Rodney Barfknecht, to the creditor, State of Minnesota.

The requirements of § 553(a) have been met and the offset is not avoidable by the debtor. Judgment must be entered for the defendants. It should be noted that due to a recent change in § 523(a) relating to the dischargeability of support obligations, this question is unlikely to arise again. See, Pub.L. 97–35 § 2334(b) of the Social Security Act.

Now Therefore, IT IS ORDERED and ADJUDGED that the complaint of the plaintiff, Rodney D. Barfknecht, is denied and the same is dismissed with prejudice.