**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Don TATE, Defendant-Appellant.**

**No. 19509.**

United States Court of Appeals
Sixth Circuit.

Dec. 10, 1969.

Arthur L. Brooks, Jr. (court-appointed), Lexington, Ky., for appellant.

James F. Cook, Asst. U. S. Atty., Lexington, Ky., for appellee; George I. Cline, U. S. Atty., Lexington, Ky., on brief.

Before EDWARDS and McCREE, Circuit Judges, and BROOKS, District Judge.*

EDWARDS, Circuit Judge.

This is a direct appeal from a jury verdict finding appellant guilty of unlawfully escaping from federal custody, in violation of 18 U.S.C. § 751(a) (1964). The facts of the escape in violation of the statute as charged are not disputed in this appeal.

Appellant's sole defense was temporary insanity. Appellant claims reversible error in the denial of motions related to that defense. Prior to and at the time of his trial, appellant's counsel moved the court for permission to have a psychiatric examination with the expenses to be paid by the government under the Criminal Justice Act, 18 U.S.C. § 3006A(a) and (e) (1964). The District Judge overruled the motion without comment.

The statutory provision relied upon by appellant, part of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(e), states:

"*Services other than counsel.*—Counsel for a defendant who is financially unable to obtain investigative, expert, or other services necessary to an adequate defense in his case may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the defendant is financially unable to obtain them, the court shall authorize counsel to obtain the services on behalf of the defendant."

■ The statute is not self-executing and clearly calls for a judicial determination on the necessity for the services and on the accused's inability to pay. The statute appears to contemplate an ex parte hearing and findings. The appellate record, however, contains no findings and provides this court with no method of determining why the District Judge overruled the motion.

The record does disclose some support for appellant's motion for psychiatric examination. Appellant's only contemplated defense at trial was that of temporary insanity. He asserted indigency. He testified to prior psychiatric treatment. He testified to being confined for six days in the "hole" at the Newport City Jail just before being transferred to the Fayette County Jail, where the escape took place. He testified to fears, suspicions and uncontrollable impulses. This testimony might represent symptoms of paranoia or it might represent clever dissimulation. On this score the government's brief points to the District Judge's statement made at the time of the administration of sentence, that defendant was "one of the smartest men that has ever been in court." While this statement would certainly suggest that appellant had the capacity for dissimulation, the comment is by no means a finding of fact on this question and, of course, the fact that a person is intelligent does not represent proof that he is free from mental illness.

■ The difficulty with this appellate record is that none of appellant's allegations are controverted in any way. And in the end, the District Judge did find grounds in the trial record for submission of appellant's defense of temporary insanity to the jury.[1] If the insanity defense was factually of sufficient substance to warrant a judicial charge, it is difficult to see how the expert witness' services which appellant's counsel sought for him could be deemed other then "necessary." It seems obvious that the Congressional purpose in adopting this statute was to seek to place indigent defendants as nearly as may be on a level of equality with nonindigent defendants in the defense of criminal cases. Certainly counsel for a nonindigent defendant who was intending such a de-

---

* Honorable Henry L. Brooks, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

1. *See* United States v. Smith, 404 F.2d 720 (6th Cir. 1968).

fense would seek expert testimony to support it as part of an "adequate defense."

■ Under these circumstances we hold that it was reversible error to overrule the motion filed in advance of trial for psychiatric examination under 18 U. S.C. § 3006A(e) (1964).

In view of this disposition, we find no need to pass on the claim of error in the court's denial of appellant's motion for production of a witness (or the taking of his deposition under Rule 15 Fed.R. Crim.P.) who at the time was in a distant federal penitentiary. In the event the motion is renewed, it would be desirable for the court to determine what evidence was sought to be adduced from said witness and whether said evidence was in dispute, and if so, whether or not it was relevant to the issue to be tried. *See* Welsh v. United States, 404 F.2d 414 (5th Cir. 1968).

The judgment of the District Court is vacated and the case is remanded for new trial in accordance with this opinion.