UNITED STATES of America, Plaintiff-Appellee,

v.

Ronald Edward PLOEGER, Defendant-Appellant.

No. 19922.

United States Court of Appeals, Sixth Circuit.

July 21, 1970.

William J. Dammarell (Court Appointed), Cincinnati, Ohio, for appellant.

Robert E. Rawlins, Lexington, Ky., (Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

The Elsmere (Kentucky) Branch of the Peoples Liberty Bank and Trust Company of Covington, Kentucky, was robbed at gun point on November 21, 1967, and on December 9 the defendant-appellant was arrested in Chicago, Illinois, in connection with that offense. Indigency having been established, the District Court appointed counsel to represent him in the proceedings which resulted in his removal to the Eastern District of Kentucky. Prior thereto, appellant privately retained his appointed attorney, Howard R. Kaufman, to represent him in an effort, which ultimately proved successful, to recover certain money which had been in his possession at the time of arrest but which had thereupon passed into government custody.

Following his removal to the Eastern District of Kentucky, an indictment was returned March 4, 1968, charging violation of 18 U.S.C. § 2113(a), (c) and (d), by robbing the Peoples Liberty Bank and Trust Company. On the following day, indigency having again been sworn to by the appellant, two attorneys were appointed to represent him, he was arraigned and a plea of not guilty was entered, and the case was set for trial on March 14. On March 14 Mr. Kaufman appeared, stating that he had the day before received a letter from the appellant asking that he (Kaufman) represent him, and upon their joint request appointed counsel were relieved and Kaufman substituted as defense counsel. Mr. Kaufman then requested a continuance, stating that time was needed for trial preparation, and suggested that if necessary the case go over until the fall term of court; it is noted that appellant was incarcerated, not out on bond. The request was denied, and the trial commenced forthwith. The next day the jury returned a verdict of guilty and on that day a twenty year committed sentence was imposed.

We recognize at the outset that as argued by the appellee, the ruling on a motion for continuance is within the sound discretion of the trial judge and his action thereon will be set aside only when there is clear abuse. McKissick v. United States, 379 F.2d 754 (5th Cir. 1967); Joseph v. United States, 343 F.2d 755 (5th Cir. 1965). The question thus becomes, was there a clear abuse of discretion in the present case?

In support of his request for a continuance, Mr. Kaufman stated to the District Court, "I have never seen the indictment, I have not done what I feel is necessary relative to the investigation on the part of my client. I feel that he is not one who should be permitted to use and would use the [Criminal Justice] Act; he is a man who has funds * * *. I feel myself in a difficult position, because I feel—I know that the Court is prepared to go to trial and I know that the Court's time is of great value, but I do feel personally that if this case should go to trial today, * * * I would not be in a position to do the job that is desired of me and required of me under the law inasmuch as I am not fully prepared to proceed." At the time of oral argument in this court, counsel for the appellee stated that Mr. Kaufman had "probably" never been in Elsmere, Kentucky, before, and the transcript further discloses that following his removal from Chicago appellant had been continuously incarcerated. It thus becomes apparent that neither had an opportunity to make any investigation or interview witnesses, nor, of course,

did Mr. Kaufman have an opportunity to make legal preparation in the light of such circumstances as may have been disclosed. In view of the total situation, noting particularly the fact that only ten days elapsed between the returning of the indictment and the date set for trial, it is here concluded that an abuse of discretion requiring the vacation of the judgment of conviction occurred.

Reversed and remanded to the District Court, with instructions to grant a new trial.