**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas James PATTERSON, Defendant-Appellant.**

**No. 30219**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1971.

Ralph Kennamer, Mobile, Ala. (Court-appointed) for defendant-appellant.

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Patterson, asserting insanity at the time of the offense, was convicted by a jury of escape from the custody of United States Marshal in violation of 18 U.S.C.A. § 751(a). We affirm.

Patterson was tried, convicted and sentenced to fifteen years imprisonment for armed bank robbery in violation of 18 U.S.C.A. § 2113(d). Several days

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

after he was committed to the custody of the United States Marshal he escaped.

In support of his claim of insanity, Patterson argues that at the time of the escape he lacked substantial mental capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law. Blake v. United States, 5 Cir. 1969, 407 F.2d 908, 916. Relying entirely on his own testimony and the support of two of his prisonmates, Patterson maintains that he was "highly nervous" and in a "state of melancholia" because of the lengthy sentence imposed upon him as a result of the bank robbery conviction. He adds that the "inhuman" treatment received in the City Jail also contributed to his depressed mental condition. Following the Government's rebuttal, also consisting of lay witness testimony, the trial judge determined to submit the issue to the jury.

■ To consider the merits of Patterson's insanity defense we would have to review the sufficiency of the evidence to support the jury's verdict. But review is precluded since Patterson failed to move for a judgment of acquittal at the close of all the evidence. *See* United States v. Pitts, 5 Cir. 1970, 428 F.2d 534, 535. Nor is this a case of plain error which would result in a clear miscarriage of justice. *See, e. g.,* Mims v. United States, 5 Cir. 1967, 375 F.2d 135, 147; Clark v. United States, 5 Cir. 1961, 293 F.2d 445, 448.

■ Patterson next urges that the trial judge committed error in failing to find *sua sponte* that expert testimony of a psychiatrist was necessary to his defense and in failing to notify Patterson that such expert testimony would be provided at Government expense. The rights established by 18 U.S.C.A. § 3006A(e) are procedural, and the failure to make a timely motion or request waives the necessity for the court's consideration of an appointment of an expert witness. Marshall v. United States, 10 Cir. 1970, 423 F.2d 1315, 1318; Ray v. United States, 8 Cir. 1966, 367 F.2d

258, 266 & n. 12, 267, cert. denied, 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785; Watson v. Patterson, 10 Cir. 1966, 358 F.2d 297, 298, cert. denied, 385 U.S. 876, 87 S.Ct. 153, 17 L.Ed.2d 103. United States v. Tate, 6 Cir. 1969, 419 F.2d 131, upon which Patterson relies, is inapposite because the defendant there timely moved for, but was denied, appointment of a psychiatrist on uncontradicted allegations of possible symptoms of paranoia.

The other matters urged by Patterson have been considered and are without merit.

Affirmed.