**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Ronald Edward PLOEGER, Defendant-Appellant.**

**No. 71–1399.**

United States Court of Appeals, Sixth Circuit.

Jan. 20, 1972.

Albert C. Hawes, Covington, Ky., court appointed, on brief for appellant.

John M. Compton, Lexington, Ky., for appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

Two armed men robbed The Peoples Liberty Bank and Trust Company of

Elsmere, Kentucky, January 21, 1967, and one Walter Dillinger confessed to being one of the men and pled guilty to a violation of 18 U.S.C. § 2113(a) and (d). His confession implicated defendant-appellant who was then indicted, tried and convicted by jury verdict of bank robbery under the same statute. Upon appeal, this Court, 428 F.2d 1204, reversed that conviction for what was determined to be prejudicial error at trial, and remanded the case for a new trial. At such second trial defendant-appellant was again found guilty by jury verdict, and he perfected this appeal from the judgment of conviction.

All three of the issues which counsel for the parties agree in their briefs are presented by this appeal are concerned with the testimony of Walter Dillinger who at both trials testified that the defendant-appellant had been his partner in the robbery. However, evidence in the record establishes that prior to the second trial appellant's attorney received a letter from Dillinger in which he indicated that he would change his testimony, and that he wished to testify for appellant. Some five days after the second trial, at which as indicated he testified for the Government, Dillinger wrote a letter to the District Judge who had presided at both trials in which he stated that his testimony against the appellant was not true. Appellant then moved for a new trial on the basis of newly discovered evidence, but at the hearing on this motion Dillinger testified that his testimony at both trials had been true; he had similarly testified at a hearing held in connection with a motion at the second trial. Dillinger's testimony at these hearings was that his inconsistent, out of court statements supporting appellant's innocence were made as the result of threats and pressure brought to bear upon him while incarcerated by friends of the appellant, and because of similar pressures exerted on members of his family outside of prison.

■ The appellant ·here argues first that it was error for the trial court to permit Walter Dillinger's testimony to be received. The question of the competency of a witness is one for determination by the Court (Henderson v. United States, 218 F.2d 14, 17 (6th Cir. 1955)), and we find no clear abuse of discretion by the District Court in overruling the objection to this testimony. The weight to be given the testimony presented a question for the determination of the jury, which by its verdict demonstrated that it credited Dillinger's testimony in spite of his recantation between trials.

■ Appellant argues next that prejudicial error occurred when the United States Attorney interviewed Dillinger prior to trial without notification to appellant's attorneys. This is a novel proposition which we conclude to be without support. Finally, appellant contends that the District Court erred in overruling his motion for a new trial after Dillinger had indicated that he wished to recant part of the testimony he had given at trial. Before ruling on this motion, as hereinabove indicated, the District Judge heard additional testimony from Dillinger again implicating the appellant. It is to be observed that while on two occasions Dillinger made unsworn statements inconsistent therewith, on all four occasions on which Dillinger gave sworn testimony he unequivocally stated that the appellant participated in the offense for which he was convicted. We find no abuse of discretion in the District Judge's denial of the motion for a new trial.

Affirmed.