**UNITED STATES of America,
Plaintiff,**

v.

**Edward TALBOTT, Defendant.
No. CR 72-789.**

United States District Court,
N. D. Ohio, E. D.
Jan. 22, 1973.

Jack Streepy, First Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

4. See note number 1.

William Wuliger, Public Defender, Cleveland, Ohio, for defendant.

## ORDER

LAMBROS, District Judge.

Defendant is moving for the videotaping of a psychologist for purposes of admitting such videotaping at the trial. The basis of his motion is that the expert in question will not be available to testify at trial for $300.00, which is the maximum which the District Court Judge may authorize for payment of experts in an indigent criminal case. *See* Rules 26 and 15(e), Federal Rules of Criminal Procedure, 18 U.S.C. § 3006A (e)(3). The expert would, however, voluntarily testify for $300.00, if his testimony could be videotaped in his office.

This motion presents a question of first impression for the Court. On one hand, the videotaping of experts would result in a substantial savings to the Government in light of the rising fees for psychologists and psychiatrists time. On the other hand, Rule 15(e) of the Federal Rules of Criminal Procedures appears to authorize the admission of such videotaping only when the witness would not be available to testify. Technically, the expert in this case could be subpoenaed to testify. Furthermore, his compensation in excess of the amount which may be authorized by this Court will be paid, if approved by the Chief Judge of this Circuit.

The first alternative, that of subpoenaing the witness, is unacceptable to this Court. If subpoenaed, the expert witness might well be hostile. A hostile expert witness would certainly not meet the principle espoused by this Circuit that the indigent defendant should be placed as nearly as possible on a level of equality with the nonindigent defendant in terms of expert testimony. United States v. Tate, 419 F.2d 131, 132 (6th Cir. 1969).

The second alternative, that of approval of an excess amount by the Chief Judge, is still available to the defendant. Given this Circuit's statements in *Tate*, the Court feels that payment in excess of $300.00 will be approved if warranted.

The Court, therefore, denies defendant's motion and directs defendant to present experts' testimony orally at trial in open court.

It is so ordered.