**UNITED STATES of America, Plaintiff,**

v.

**John Cline FOGARTY, Jr., Defendant.**

**No. CR–2–81–37.**

United States District Court,
E.D. Tennessee.

Jan. 22, 1982.

On Finding of Competency to Stand Trial
May 25, 1982.

On Request for Continuance June 1, 1982.

On Request for Court-Appointed
Psychiatrist June 16, 1982.

Guy Blackwell, Asst. U.S. Atty., Greeneville, Tenn., for plaintiff.

Cecil W. Laws, Bristol, Tenn., for defendant.

## MEMORANDUM AND ORDERS

NEESE, District Judge.

■ Counsel for the defendant, who claims to be unable financially to obtain expert services he claims are necessary to his defense herein, requested in *ex parte* applications, the provision of the services of a questioned-documents analyst and an expert in the comparison of fingerprints. The Court FINDS, after appropriate inquiries from the record, that the requested services are necessary, and that the defendant is unable financially to obtain them. Accordingly, counsel for the defendant will acquire from the clerk proper (separate) forms under the Criminal Justice Act and, upon their completion and approval by the Court, is authorized to obtain such services. 18 U.S.C. § 3006A(e)(1).

■ The defendant also moved the Court for an examination into his mental competency both on or about August 24, 1981 and at the present time. Ordinarily, after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation, the primary responsibility for filing a motion to inquire into the mental competency of an accused rests upon the United States attorney of this district, if he has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so incompetent mentally as to be unable to understand the proceedings against him or to assist properly in his own defense. 18 U.S.C. § 4244.

■ However, this may be done on the basis of a similar motion in behalf of the accused, or by the Court upon its own motion. *Idem.* Although defense counsel neglected to support such allegations of fact with affidavit(s), local Rule 12(a), as an officer of the Court, he represented to the Court that his client had advised him of repeated hospitalizations " * * * relative to his emotional and mental condition which are [ap]proximate in time to the charge[ ] brought against the [d]efendant * * *

which may relate to the [d]efendant's mental capacity and competency at the time of the alleged mail theft * * * " and that such counsel entertains " * * * serious doubts as to whether * * * the [d]efendant can effectively and capably assist counsel in preparation for trial. * * * "

The United States attorney will prepare and submit for the Court's consideration a proposed order for the defendant's commitment for a limited time for purposes of an examination as to his mental condition at both the foregoing times by at least 1 qualified psychiatrist; the latter shall report to the Court only. *Idem.* Trial of this action on the defendant's plea of not guilty will be assigned with a jury after the ascertainment of his mental competency to stand trial.

The Court understands from representations of the United States attorney of this District that the defendant's requests for discovery are now MOOT.

## ON FINDING OF COMPETENCY TO STAND TRIAL

■ The Court, having received the report of qualified psychiatrists who examined the defendant Mr. Fogarty as to his mental condition under 18 U.S.C. § 4244 both as to on or about August 24, 1981 and presently, see order herein of February 9, as amended on February 12, and April 5, 1982, hereby FINDS that such defendant is competent mentally to stand trial. *Idem.* Such finding shall in no way prejudice the defendant in any plea of insanity as a defense to the crime charged herein; shall not be introduced in evidence on the trial herein; and shall not be brought otherwise directly or indirectly to the notice of the jury. *Idem.*

No statement of the defendant made during the course of any examination into his sanity or mental competency pursuant to 18 U.S.C. § 4244, *supra,* shall be admitted into

evidence against him on the issue of his guilt or innocence herein. *Idem.* Trial of this action hereby is reassigned for trial Friday, June 4, 1982, commencing at 12:30 o'clock, p.m.

Upon being returned to this jurisdiction, the defendant will stand on his reinstated appearance bond of December 9, 1981 until time of trial. Any additional pretrial motions must be made by midnight, May 29, 1982.

## ON REQUEST FOR CONTINUANCE

### I

The defendant Mr. Fogarty moved for an examination into his mental condition, and such examination was ordered by the Court on February 9, 1982. At the request of the examiner, the time for reporting thereon was extended [1] to May 8, 1982.

Such report, not indicating a state in Mr. Fogarty of either present insanity or mental incompetence to stand trial, the Court adjudged without a hearing on May 25, 1982 that the defendant is competent to stand trial and assigned it to commence June 4, 1982. The defendant moved for a continuance on the ground that his counsel has had insufficient time to prepare for trial.

■ That motion appears to have merit: the defendant was unavailable to his counsel because of such examination from February 11, until May 25, 1982. It would abuse this Court's discretion in that situation to decline a continuance of about 30 days to allow counsel the reasonable opportunity to investigate and make legal preparation therefor. *Cf. United States v. Ploeger,* C.A. 6th (1970), 428 F.2d 1204, 1205–1206[2], after remand 453 F.2d 537.

Accordingly, such motion hereby is GRANTED, and trial herein hereby is REASSIGNED as no. 2 to commence July 7, 1982. The defendant will remain on his

1. The original commitment for the examination was for not to exceed 60 days. The Court recognized *sub silento* that " * * * sanity at the time of the offense and mental competency at the time of trial are entirely different questions * * *," *Swisher v. United States,* C.A.8th (1966), 354 F.(2d) 472, 474[1], and allowed the additional time requested by the examiner for a more complete and thorough investigation of the mental condition at the former time.

present bond until the time of trial. All additional pretrial motions must be made by midnight, June 12, 1982, Rule 12(c), Federal Rules of Criminal Procedure.

## II

It is claimed also by the defendant that, unless his counsel may review the report of the qualified psychiatrists who examined him for the Court under the provisions of 18 U.S.C. § 4244, he would be deprived thereby of effective representation of his counsel. Constitution, Sixth Amendment. He moved, not only to examine such report, but also to be permitted to inspect " * * * all manner of medical records * * * " of the institution to which he was committed for such examination, claiming that both such " * * * would reasonably be relative to the [d]efendant's defense in this matter. * * "

Mr. Fogarty is represented to have related to his counsel that he was hospitalized repeatedly at approximately the time of the alleged mail-theft herein. It was for this reason that this Court, in the exercise of its inherent power so to do, *United States v. Baird,* C.A.2d (1969), 414 F.2d 700, 710, certiorari denied (1969), 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497, ordered an examination additionally into the defendant's mental condition about the time of the offense alleged herein as well as presently.[2]

 Any conviction of Mr. Fogarty, if he was incompetent mentally, while he was thus incompetent would have violated the Constitution, Fifth Amendment, Due Process Clause, by denying him a fair trial. *Cf. Pate v. Robinson* (1966), 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815, 822[2]. Furthermore, one who is incompetent mentally cannot be allowed to plead guilty. *Spikes v. United States,* C.A.9th (1980), 633 F.2d 144, 146[6], certiorari denied (1981), 450 U.S. 934, 101 S.Ct. 1399, 67 L.Ed.2d 369.

 Had a competency hearing been indicated by the report herein of the psychiatrist, at which such expert would have testified, the Court would have made it available to both adversary counsel as a basis for their examination of the witness. *In re Harmon,* C.A.1st (1970), 425 F.2d 916, 918[6]. It is only when such report indicates the mental incompetency of the defendant that such a hearing is required. *Cf. United States v. Geier,* C.A.6th (1975), 521 F.2d 597, 600[4] ("[I]f the psychiatrist's report indicates lack of requisite competency, the court shall hold a hearing * * *.").

This Court (per Neese, J.) was cited and quoted for the proposition that psychiatric reports are to be withheld where no hearing is indicated.

\* \* \* \* \* \*

"Where the psychiatrist's report does not indicate a present state of insanity or incompetency and thus no hearing is required, ' "there is no reason to furnish a copy of such report to anyone. The better practice would seem to be not to do so lest it might be brought to the notice of the jury in violation of the statute." ' *United States v. Bell,* 57 F.R.D. 31, 32 (E.D.Tenn.1972), quoting *United States v. Everett,* 146 F.Supp. 54, 56 (D.Kan.1956). Accord, *United States v. Chaussee,* 536 F.2d 637, 641–642 (7th Cir.1976)."

*United States v. Winn,* C.A.9th (1978), 577 F.2d 86, 91. Disclosure of such reports of such examinations and tests are not required under Rule 16(1), (D), Federal Rules of Criminal Procedure.

Such an expert appointed by the Court, *see* order herein of February 9, 1982, " * * * is intended to * * * function[ ] as an objective, nonpartisan expert when appointed pursuant to [18 U.S.C.] § 4244. * * * " *United States v. Fratus,* C.A.5th

---

**2.** This would have served to assist defense counsel in deciding whether to give the required pretrial notice of a defense based on the defendant's purported mental condition, Rule 12.2(a), Federal Rules of Criminal Procedure; would have also provided guidance for the prosecuting attorney in determining whether to proceed with this prosecution if Mr. Fogarty were insane when the crime was committed; and would in addition have enabled the Court to ascertain whether to commit the defendant until a restoration of his mental competency to stand trial, *see* 18 U.S.C. § 4246, in that event.

(1976), 530 F.2d 644, 649[9], certiorari denied (1976), 429 U.S. 846, 97 S.Ct. 130, 50 L.Ed.2d 118. Such " * * * is not a prosecution witness but the [C]ourt's * * *." *United States v. Theriault,* C.A.5th (1971), 440 F.2d 713, 715[2], appeal after remand 474 F.2d 359, certiorari denied (1973), 411 U.S. 984, 93 S.Ct. 2278, 36 L.Ed.2d 960.

It was the opinion of such qualified psychiatrist *inter alia,* regarding the issue of the criminal responsibility of Mr. Fogarty at the time of the alleged offense, that:

> " * * * Mr. Fogarty did understand his behavior at that time, was operating with a specific motive and had the feeling that he had a chance to succeed in the venture. He did not, as a result of mental disease or defeat, lack substantial capacity either to appreciate his conduct or to conform his conduct to the requirements of the law. Thus, * * * it is my opinion * * * that Mr. Fogarty was criminally responsible at the time of the commission of the alleged offense."

> \* \* \* \* \* \*

It is anomalous to contemplate that data supporting such an expert-opinion would bear any helpful relevance to Mr. Fogarty's defense herein:

The " * * * standard for determining whether a defendant was, at the time of the alleged crime, capable of criminal responsibility * * * " has as its foundation: " * * * 'Was he suffering from a mental illness at the time of the commission of the crime?' * * * " *United States v. Smith* (1970), 437 F.2d 538, 539–540[1], citing and quoting from (an earlier) *United States v. Smith,* C.A.6th (1968), 404 F.2d 720, 727. The defendant may avoid the ordinary criminal penalty only " * * * by submitting enough evidence of an abnormal mental condition to raise a reasonable doubt of his responsibility at the time of committing the offense. * * * " *Lynch v. Overholser* (1962), 369 U.S. 705, 715, 82 S.Ct. 1063, 1069, 8 L.Ed.2d 211, 218.

" * * * Until [such] evidence is [produced by the defendant], the burden of proof [on the government's part] is satisfied by a presumption arising from the fact that most [persons] are sane. * * * " *Battle v. United States* (1908), 209 U.S. 36, 38, 28 S.Ct. 422, 423, 52 L.Ed. 670, 673. It is only when this has happened that the government must " * * * come forward with sufficient proof of the [defendant's] capacity to be responsible for criminal acts * * *," *Burks v. United States* (1978), 437 U.S. 1, 10, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1, 9, beyond a reasonable doubt, *Davis v. United States* (1895), 160 U.S. 469, 484, 16 S.Ct. 353, 357, 40 L.Ed. 499, 504 (headnote 3).

■ Of course, it is for defense counsel, and not this Court, to determine the further course of action Mr. Fogarty should pursue. Sufficient at this point is the Court's ruling that his application for the aforementioned report and other data hereby is

DENIED.

## ON REQUEST FOR COURT–APPOINTED PSYCHIATRIST

■ The defendant Mr. Fogarty notified the attorney for the government on May 28, 1982 of his intention to rely at trial upon the defense of insanity at the time of the alleged crime herein and filed a copy with the clerk. Rule 12.2(a), Federal Rules of Criminal Procedure. At the same time, as a person unable allegedly to obtain such expert services, claimed to be necessary for an adequate defense, he requested of the Court the services of a psychiatrist or psychologist to evaluate his mental condition at the pertinent time(s) and to assist his counsel in preparing his defense. 18 U.S.C. § 3006A(e)(1).

The foregoing statute " * * * clearly calls for a judicial determination on the necessity for the services and on the accused[ ] [person's] inability to pay. * * * " *United States v. Tate,* C.A.6th (1969), 419 F.2d 131, 132[1]. The Court, in this particular instance, is enabled to make the necessary findings without an ex parte hearing, *idem.:*

Mr. Fogarty testified under oath on December 17, 1981 that he was then unable financially to obtain counsel and, after appropriate inquiry, the Court so found. 18

U.S.C. § 3006A(b). At no time before or since has his allegation of indigency been contradicted, *cf. ibid.,* 419 F.2d at 132. Therefore the Court now FINDS that Mr. Fogarty is unable financially to obtain the requested expert services. 18 U.S.C. § 3006A(e)(1), *supra.*

In its memoranda opinions and orders of June 1, 1982 herein (*esp.* p. 3 thereof), the Court delineated the representations of his counsel as to the defendant's previous " * * * repeated hospitalizations relative to his emotional and mental condition * * * proximate in time to the charge[ ] brought against [him] herein, and which may reasonably relate to [his] mental capacity and competency at the time of the alleged mail theft. * * * " Therefrom, the Court now FINDS that the requested services are necessary. *Idem.*

As (now Chief) Judge Edwards stated with relation to the statute embodying the provision at the expense of the government of services of this nature:

> * * * It seems obvious that the Congressional purpose in adopting this statute was to seek to place indigent defendants as nearly as may be on a level of equality with nonindigent defendants in the defense of criminal cases. Certainly counsel for a nonindigent defendant who was intending such a defense [as insanity] would seek expert testimony to support it as part of an "adequate defense." * * *

*United States v. Tate, supra,* 419 F.2d at 132–133[2]. Upon the completion and submission of the necessary forms provided for use under the Criminal Justice Act, 18 U.S.C., ch. 201, in such matters, the Court is disposed to GRANT * the defendant's request; to do otherwise would constitute reversible error. *Ibid.,* 419 F.2d at 133[3].

In view of the unordinary practice in this Court with regard to the handling of psychiatric reports under 18 U.S.C. § 4244, *supra,* it will be noted for guidance that any

psychiatrist who assists the defendant in pretrial and trial matters need not report any of his conclusions to either this Court or the prosecution. *United States v. Theriault,* C.A.5th (1971), 440 F.2d 713, 715.

For good cause shown, the Court hereby cancels the assignment of trial herein for July 7, 1982 and hereby GRANTS additional time to the parties to prepare for trial. Rule 12.2(b), Federal Rules of Criminal Procedure. 18 U.S.C. § 3161(h)(8)(A), (B).

---

* The defendant's request is not precluded by the fact that he was examined earlier under 18 U.S.C. § 4244. *United States v. Fratus,* C.A.5th (1976), 530 F.2d 644, 649–650[9], certiorari denied (1976), 429 U.S. 846, 97 S.Ct. 130,

50 L.Ed.2d 118; *United States v. Taylor,* C.A.4th (1971), 437 F.2d 371, 377[9]; *United States v. Schappel,* C.A.D.C. (1971), 445 F.2d 716, 721, n. 13.