**UNITED STATES of America, Plaintiff,**

v.

**Dorothy JACKSON, Defendant.**

**Crim. A. No. 3–83–00160.**

United States District Court,
M.D. Tennessee,
Nashville Division.

June 2, 1983.

Sylvia Brown, Asst. U.S. Atty., Nashville, Tenn., for plaintiff.

Paula Godsey, Asst. Federal Public Defender, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, Sitting by Designation.

The defendant Ms. Dorothy J. Jackson, a person claiming to be unable to obtain expert services necessary for an adequate defense, applied *ex parte* to be provided the services herein of a psychiatrist. 18 U.S.C. § 3006A(e). Her counsel filed a supporting affidavit, asserting the defendant's need of such services and claiming such counsel would "independently engage such services if her client had the financial means to support her defense."

■ A finding judicially that such services are necessary and that the defendant is unable financially to obtain them is required before the Court shall authorize their provision. *Id.* There is respectable authority that such statute requires such authorization "for defense services when the [defense] attorney makes a reasonable request in the circumstances in which he would independently engage such services if his client had the financial means to support his [or her] defense" and that the "trial judge should tend to rely on the judgment of the attorney, who had the primary duty of providing an adequate defense." *United States v. Theriault,* 440 F.2d 713, (concurring opinion of Wisdom, Cir. J., 5th Cir., 1971).

■ Although the judgment of an experienced advocate along those lines provides useful indicia of the required necessity, this

Court harbors reservations concerning the unreserved substitution of the judgment of an adversary counsel for the judicial determination evoked by the statute. *United States v. Tate*, 419 F.2d 131, 132[1] (6th Cir.1969) (18 U.S.C. § 3006A(e) "calls for a judicial determination on the necessity for the services and on the accused's inability to pay.") The defendant has provided this Court with no facts on which a determination judicially can be made that public funds must be expended.

" * * * The established rule is that the expenditure of public funds is proper only when authorized by [the] Congress, not that public funds may be expended unless prohibited by [the] Congress. * * *" *Reeside v. Walker*, 11 How. (52 U.S.) 272, 291, 13 L.Ed. 693 (1851). " * * * Where [the] Congress has addressed the subject as it has here [where a request was made for a trial-transcript for use in a proceeding under 28 U.S.C. § 2255], and authorized expenditures where a condition is met, the clear implication is that where the condition is not met, the expenditure is not authorized. * * *" *United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2090[2], 48 L.Ed.2d 666 (1974) (plurality opinion of 4 Justices).

 "[W]hen psychiatric assistance is 'necessary' depends on two variables. First, a judge should consider the likelihood that an insanity defense is warranted. * * [E]valuation of this factor could, among other things, be based upon prior medical history of psychological imbalance, testimony by those acquainted with the defendant regarding h[er] actions and apparent mental state, or the judge's own evaluation of the defendant's demeanor. Second, the judge should consider whether the defendant has received sufficient psychiatric assistance from other sources." *United States v. Chavis*, 476 F.2d 1137, 1143[7] (D.C.Cir.1973). 18 U.S.C. § 3006A(e), *supra*, appears to contemplate an ex parte hearing * * *." *United States v. Tate, supra*.

After providing defense counsel *only* with a copy of this document, it hereby is

ORDERED that the clerk seal (a) the defendant's application and supporting affidavit and (b) this memorandum opinion and order, as well as (c) any other and future documentation of this *ex parte* proceedings. It hereby is

ORDERED further that defense counsel arrange with the clerk of this Court for a date and hour of further proceedings herein *ex parte* in Chambers.

The limitation on the filings of all pretrial motions herein, having been fixed at midnight, June 25, 1983 heretofore, the defendant's additional motion is MOOT and frivolous.