NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1100n.06

No. 11-6521

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 24, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JARRETT HAMILTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| GENERAL ELECTRIC COMPANY, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

**PER CURIAM**.  Jarrett Hamilton, a pro se Indiana resident, appeals a district court judgment entering a jury verdict rendered in favor of General Electric Company (GE).

Hamilton filed a complaint against GE in a Kentucky state court, alleging that GE suspended him and terminated his employment in retaliation for his filing a claim of age discrimination.  GE removed the case to the United States District Court for the Western District of Kentucky.  In 2007, the district court granted summary judgment to GE.  In 2009, we reversed the district court's judgment and remanded the case for further proceedings. *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 430 (6th Cir. 2009).  The district court denied Hamilton's subsequent motions for recusal and to continue the trial date.  In November 2011, a jury returned a verdict in favor of GE.

On appeal, Hamilton argues that the district court erred by denying his motion to recuse and his motion to continue the trial.  He also asserts that GE improperly coached its witnesses and engaged in various forms of misconduct prior to and during the trial.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

We review the denial of a motion to recuse for an abuse of discretion. *Johnson v. Mitchell*, 585 F.3d 923, 945 (6th Cir. 2009). A judge shall recuse "himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). He shall also recuse himself "[w]here he has a personal bias or prejudice concerning a party," or where he has a family member who is either acting as a lawyer in the proceeding or otherwise has a substantial interest in the outcome. 28 U.S.C. § 455(b)(1), (5). The district court did not abuse its discretion by denying Hamilton's motion to recuse. The fact that the judge's son had previously worked for the law firm representing GE was insufficient to call into question the judge's impartiality or to otherwise require recusal, given that Hamilton's case was handled by the firm's Louisville office, not its Nashville office where the judge's son had worked, and the judge's son had no involvement with the case.

We review the denial of a continuance for an abuse of discretion. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 604 (6th Cir. 2001). The district court did not abuse its discretion in denying Hamilton's motion to continue, given that Hamilton had ample time to locate and contact relevant witnesses and that he waited until several days before the scheduled trial to seek a continuance.

Finally, Hamilton's claims that GE engaged in misconduct do not warrant relief because he has neither cited specific instances of misconduct in the trial transcript, nor presented evidence to support his allegations.

The district court's judgment is affirmed.