**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 17a0129n.06**
**No. 16-5389**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 27, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GALE PARRISH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DOLLAR GENERAL CORPORATION, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:    BOGGS, GILMAN, and DONALD, Circuit Judges.

BOGGS, Circuit Judge.   This case involves the review of three decisions by the trial court: a denial of a motion to continue because of alleged nondisclosure of a material witness, a decision not to admonish the jury to disregard statements made by Dollar General's counsel during closing arguments, and a refusal to provide a spoliation instruction regarding missing evidence.   For the reasons that follow, we affirm all three of the trial court's decisions.

I

At around 1 p.m. on October 15, 2013, Gale Parrish and her friend, Priscilla Ferrell, were shopping at a Dollar General store on Dixie Highway in Louisville, Kentucky.   During this time, two Dollar General employees were working in the store: Ed Gantt, the store manager, and Jessica Falin, a cashier.   Parrish claims that, while walking down one of the aisles, she tripped and fell over a small footstool negligently left in the aisle by a Dollar General employee.   Dollar

General disputes the claim, arguing that evidence indicated that there was nothing on the floor in the vicinity of Parrish and that Parrish was pretending to have been unconscious. In any event, Parrish was taken by ambulance to the University of Louisville Hospital. Parrish stated that she underwent conservative rehabilitation for two months. On October 29, 2013, Parrish sent a letter through her attorney to Dollar General, informing it that she had retained a lawyer. She sued Dollar General in Jefferson Circuit Court for negligence, and Dollar General removed the action to federal court based on diversity of citizenship in March 2014. Parrish sought $89,967.04 for her medical expenses and to compensate for her pain and suffering. Parrish and Dollar General consented to proceedings before a magistrate judge.

During discovery, Parrish asked Dollar General to identify potential witnesses to the incident. Dollar General provided only the name of Gantt. In April 2015, Parrish took a deposition of Gantt, who testified that he thought there was a female cashier working with him that day. Dollar General's attorney stated that, if Parrish did not already have the time cards of who was working that week, he would provide them. In June 2015, Dollar General provided the time cards for the week of the incident during the deposition of its Federal Rule of Civil Procedure 30(b)(6) witness, Jeremy Price. As a result of the information on the time cards, Parrish's attorney asked Price a question regarding Falin. When asked who was working on October 13, however, Price provided the names of four employees other than Gantt, none of whom was Falin. By August of 2015, the lead attorney on the case for Parrish, Robin Smith, had left her firm and Sam Aguiar took over Parrish's case.

On February 24, 2016 (less than a week before trial), Aguiar asked for a continuance, stating that he had just become aware of Falin's existence and had contacted her through Facebook to learn what she knew. The day before (and the day after the court's deadline for

submitting proposed jury instructions), Aguiar also requested a missing-evidence instruction with regard to surveillance-camera footage of the other aisles of the store (the aisle in which Parrish fell not having been within sight of the cameras), which Dollar General had not produced. Dollar General stated that it had recorded over the footage after thirty days and had not saved the footage because the video had not captured the incident and Parrish had not requested the video during discovery. After the pretrial conference, the magistrate judge denied the motion to continue on the basis that there was no bad faith by Dollar General in failing to disclose the time card with Falin's name in its initial response to Parrish and it had brought the card to Parrish's attention with reasonable promptness once it became aware that it had not disclosed the card, and because Parrish's previous attorney had been made sufficiently aware of the document so as to ask questions regarding it during a deposition. The magistrate judge permitted either party to call Falin at trial, and deferred the decision on jury instructions to a later time.

During the trial, the magistrate judge denied Parrish's request for a missing-evidence instruction on the basis that there was no culpability of Dollar General in failing to preserve the video footage. During closing argument, Dollar General's attorney referred to Parrish's expert and stated:

> I wonder what Dr. Walters would think about this Glasgow coma score now and the paramedics would think of it now knowing what Priscilla Ferrell has testified to, that Ms. Parrish gave her her cell phone and told her to call her kids.
>
> [Dr. Walters] also, I would point out, acknowledged that, yeah, a person who has high blood pressure, that could cause a person to become dizzy and faint. We don't know whether that high blood pressure was before or after any claimed fall.

At the same time, text to this effect was put on a screen viewable by the jury. Parrish's attorney objected to certain text on the screen referring to "open and obvious" liability, and noted

difficulty in reading the amount of text displayed in time to object. The magistrate judge permitted Dollar General's attorney to remove the text in question from the screen after the attorney offered to delete the text as a solution. After deliberation, the jury returned a verdict for the defendant.

On appeal, Parrish raises three arguments. First, she argues that the trial court's denial of the motion to continue was in error and prejudiced her case. Next, she argues that the court's decision not to provide the proposed jury instructions regarding spoliation constituted reversible error. Finally, for the first time on appeal, she argues that the mention by Dollar General of dizziness and fainting was in violation of the trial court's previous orders and that the court's failure to correct comments by Dollar General's counsel was error sufficiently plain to require vacating the judgment and remanding for a new trial.

II

A. Nondisclosure of Material Witness

We review the denial of a motion to continue for abuse of discretion. *United States v. Warshak*, 631 F.3d 266, 298 (6th Cir. 2010). Whether a continuance is appropriate in a particular case will depend on the individual circumstances of that case. *Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985). In examining the record for an abuse of discretion, we review whether the movant "suffered any actual prejudice as a result of the denial," and whether "additional time would have produced more witnesses or have added something to the . . . case." *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir. 1984).

Here, Parrish claimed prejudice because her current attorney became aware of Falin's existence only days before trial. Parrish cites *United States v. Ploeger*, 428 F.2d 1204 (6th Cir. 1970) (per curiam), for the proposition that, where a movant did not have time to make legal

preparation, it was an abuse of discretion for the trial judge to deny a motion to continue. It must be noted, however, that Parrish had access to the time card and to Falin's name eight months before, when the time card was turned over by Dollar General to Parrish's previous attorney, Smith. The time card was provided in response to a question by Smith as to the identity of the cashier on the day of the incident, albeit two months after the issue was raised (i.e., June 2015). Falin's name and the fact that she had been on duty that day during the time in question were plain from a cursory review of the time card. As opposed to *Plough*, where the defendant had just ten days to prepare for trial, *id.* at 1206, Parrish had the information for months. The fact that Smith left the firm and Aguiar had to take over the lead of the case does not change the fact that the necessary name was in the possession of Parrish's counsel, and diligent review and investigation would have provided the opportunity to contact Falin earlier. *See Hamilton v. Gen. Elec. Co.*, 487 F. App'x 280, 281 (6th Cir. 2012) (per curiam). Moreover, the magistrate judge permitted Falin to testify in court, which she did. Accordingly, the magistrate judge did not abuse his discretion in denying the motion to continue.

## B. Jury Instruction Regarding Spoliation

Although this case arrives via diversity jurisdiction, we apply federal law (as opposed to state law) on spoliation instructions. *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) (en banc). We review a trial court's decision not to provide spoliation instructions for abuse of discretion. *Ross v. Am. Red Cross*, 567 F. App'x 296, 301 (6th Cir. 2014).

> The party seeking adverse-inference instructions must demonstrate:
>
> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (citation omitted). The magistrate judge found that there was no culpability on the part of Dollar General because the videos were recorded over in the ordinary course of business. Here, there was no camera in the aisle where Parrish fell. And the scope of discovery requested by Parrish was limited: she sought video "that shows the incident described in Plaintiff's complaint" and "that depict[s] the area where the Plaintiff fell." District court opinions on the subject are informative. For example, in a case with remarkably similar facts, *Eby v. Target Corp.*, No. 13-10688, 2014 WL 941906 (E.D. Mich. Mar. 11, 2014), the court found that no spoliation sanction was appropriate because the videotapes were recorded over in the normal course of business and were not retained because they "did not depict the area where Plaintiff fell or her fall." *Id.* at *5. In *Ross v. Home Depot USA Inc.*, No. 2:12-cv-743, 2014 WL 2805094 (S.D. Ohio June 20, 2014), the court found that a spoliation instruction was merited because "plaintiffs specifically requested preservation of the evidence at issue . . . prior to its destruction." *Id.* at *4. Here, however, the only notice provided was that Parrish had retained representation. Dollar General examined the video evidence and determined that none of it showed the fall or the area of the fall, and thus did not preserve the footage. There is no evidence that this decision was made with a culpable state of mind. Based on these facts, the magistrate judge did not abuse his discretion.

### C. Closing-Argument Remarks

Finally, because the issue regarding Dollar General's closing argument was raised for the first time on appeal, we review for plain error. *See, e.g.*, *United States v. Riddle*, 249 F.3d 529, 535 (6th Cir. 2001). Parrish argues that the issue was preserved for appeal by an objection at trial, but the record makes clear that her attorney was objecting to other text displayed on screen, not to the remarks or text related to dizziness or high blood pressure.

Parrish argues that the remarks on dizziness and high blood pressure were in violation of the court's "broad-based ruling" preventing "speculative comments, argument, or testimony that the Plaintiff-Appellant either fainted (due to hypertension or other causes) or suffered any seizure-related episode immediately prior to her fall." But the trial court ruled specifically on the extent to which the two EMT witnesses could comment on whether Parrish was unconscious or had suffered a concussion. And the comments made by Dollar General were paraphrasing an admission by Parrish's expert. Given that these comments were made during closing arguments—a period normally understood as argument rather than as establishing facts, *see Boyde v. California*, 494 U.S. 370, 384 (1990)—and addressed only what Parrish's expert had admitted in deposition and the jury had heard presented as part of Parrish's case in chief, there is no plain error in the lack of a curative instruction.

### III

In conclusion, the magistrate judge was within his discretion to deny the motion to continue and to refuse to provide spoliation instructions, and there was no plain error in the decision not to provide curative instructions following the remarks during Dollar General's closing arguments. Accordingly, the trial court's decisions are **AFFIRMED**.